IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH CLAYTON,<br>*Plaintiff*,<br><br>v.<br><br>BALTIMORE CITY POLICE DEPARTMENT, *et al.*<br>*Defendants*. | Civil Action No. ELH-15-01626 |

**MEMORANDUM**

In April 2015, plaintiff Joseph Clayton filed suit in the Circuit Court for Baltimore City, against the Baltimore City Police Department ("BCPD"), Police Commissioner Anthony W. Batts, and police officers Timothy T. Spearman and Charles S. Jones, defendants. *See* ECF 2 (Complaint). On June 4, 2015, defendant BCPD removed the action to this Court, pursuant to 28 U.S.C. § 1441(c), alleging that this Court had subject matter jurisdiction based on federal questions in the Complaint. ECF 1 (Notice of Removal) ¶ 7.[1]

In his Complaint, Clayton alleged ten counts in total: two for violations of the U.S. Constitution, pursuant to 42 U.S.C. § 1983; three for violations of the Maryland Declaration of Rights; and five claims based on Maryland torts. *See* ECF 2. On June 11, 2015, before defendants filed a responsive pleading, Clayton filed an Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(1). *See* ECF 8. Plaintiff filed a corrected version on June 17, 2015. *See* ECF 13. In his Amended Complaint, Clayton abandoned his federal allegations and claims.

---

[1] On June 8, 2015, defendants Spearman and Jones filed a separate notice of removal in the State case, resulting in the initiation of a duplicate action in this District, which was assigned to Judge Nickerson. *See Clayton v. Baltimore City Police Dep't, et al.*, 15-cv-01663. Because the federal cases are in fact the same case, Judge Nickerson's case was reassigned to me. *See id.*

Therefore, the Amended Complaint alleges only violations of Maryland law, including three counts for violation of the Maryland Declaration of Rights, as well as claims for negligence, gross negligence, battery, false arrest, false imprisonment, and intentional infliction of emotional distress.  *Id*.

Clayton also filed a Motion to Remand, ECF 10 ("Motion"), as well as a Memorandum of Law.  ECF 10-1.  He argues that, as to the remaining State claims, this Court should exercise its discretion in favor of a remand to State court.  On June 22, 2015, BCPD filed a response (ECF 14), in which they state:  "Defendants do not contest the absence of subject matter jurisdiction in light of Plaintiff abandoning his § 1983 claims."  *Id.* at 2.[2]

Pursuant to 28 U.S.C. § 1367(c), a district court may "decline to exercise supplemental jurisdiction" over state claims if, *inter alia*, the court "has dismissed all claims over which it has original jurisdiction," or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  The court has discretion to decline to exercise jurisdiction regardless of whether the action was originally filed in federal court or state court.  *See*, *e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

---

[2] In its response, BCPD also asked this Court to order that "Plaintiff is estopped from asserting any claims pursuant to 42 U.S.C. § 1983 at a later stage in this litigation," and "that Defendants are not required to pay any fees or costs in connection with the removal of the above-captioned action or the related matter … ."  ECF 14 at 2.  Spearman and Jones made the same request.  *See* 15-1663, ECF 13 at 2.  Defendants rely on one case in support of their requests: *Bell v. Baltimore City Police Dep't*, JFM-13-00982 (D. Md. 2013).  *See* ECF 14 at 3.

I have reviewed the Memorandum (ECF 27) and Order (ECF 28) in *Bell*, as well as the underlying submissions.  I see no reason to grant defendants' requests.  With respect to the estoppel request, the circumstances on removal are quite different here, and such an order appears needless and premature.  With respect to fees and costs, the plaintiff in *Bell* sought them, but Clayton does not seek costs or attorney's fees.  Thus, there is no need to deny relief that was not requested.

In *Carnegie-Mellon*, 484 U.S. at 350, the Supreme Court directed district courts to "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." It said: "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain,[ ] the federal court should decline the exercise of jurisdiction … ." *Id.*

More recently, in *Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 316 (4th Cir. 2001), the Fourth Circuit said: "[T]he Court decided in *Carnegie-Mellon* … that, in a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court." *See also Shilling v. Northwestern Mut. Life Ins. Co.,* 423 F. Supp. 2d 513 (D. Md. 2006).

Pursuant to 26 U.S.C. § 1367(c), and the factors set forth in *Carnegie-Mellon*, 484 U.S. at 350, I decline to exercise supplemental jurisdiction over the claims in the Amended Complaint. The case has been in this Court since June 4, 2015, has not progressed in any way, and now alleges only violations of the Maryland Declaration of Rights and Maryland common law. There is no reason for this case to be heard in federal court, rather than in the Circuit Court for Baltimore City. *See*, *e.g.*, *Medina v. L & M Const., Inc.*, RWT-14-00329, 2014 WL 1658874, at *2 (D. Md. Apr. 23, 2014) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966)) ("Finally, as a matter of comity, this Court will remand Medina's state law claims back to state court, as '[n]eedless decisions of state law [by federal courts] should be avoided both as a

matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'") (alteration in *Medina*).

    Accordingly, I will grant the Motion. An Order follows.

Date: June 22, 2015                                    /s/
                                                          Ellen Lipton Hollander
                                                          United States District Judge